UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| RADIO SYSTEMS CORPORATION and INNOTEK, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> TOM LALOR, individually, and BUMPER BOY, INC., <br><br> Defendants. | Case No. <br><br> COMPLAINT |

The Plaintiffs, Radio Systems Corporation and Innotek, Inc., for their Complaint against the defendants, Tom Lalor and Bumper Boy, Inc., allege as follows:

**PARTIES**

1. Plaintiff, Radio Systems Corporation ("Radio Systems") is a corporation organized under the laws of the State of Delaware having a principal place of business at 10427 Electric Avenue, Knoxville, Tennessee 37932.

2. Plaintiff, Innotek, Inc., ("Innotek") is a corporation organized under the laws of the State of Indiana having a principal place of business at 10427 Electric Avenue, Knoxville, Tennessee 37932.

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

3. Upon information and belief, the defendant Tom Lalor ("Lalor") is an individual having an address at 122 Garden Avenue, North, Vancouver, British Columbia, Canada, and a place of business at 1750 Grant Avenue, Blaine, Washington 98230.

4. Upon information and belief, the defendant, Bumper Boy, Inc. ("Bumper Boy") is a Canadian corporation, and has a place of business at 1750 Grant Avenue, Blaine, Washington 9823.

## JURISDICATION AND VENUE

5. This is an action for a Declaratory Judgment that United States Patent Numbers 6,830,014 and 7,267,082 are invalid, unenforceable, and/or not infringed by Radio Systems and Innotek. This action arises under the Patent Laws of the United States. Jurisdiction is based upon 28 U.S.C. §§ 1338(a), 2201 and 2202. As set forth below, an actual justiciable controversy exists between the parties.

6. Venue is proper under 28 U.S.C. § 1391. Defendants have purposefully availed themselves of the privilege of transacting extensive business in the State of Washington.

## BACKGROUND OF THE CONTROVERSY

7. Radio Systems and Innotek hereby repeat and incorporate by reference Paragraphs 1 - 6 above.

8. Upon information and belief, Lalor is the owner of record of United States Patent Number 6,830,014 ("the '014 patent") which issued on December 14, 2004, and United States Patent Number 7,267,082 ("the '082 patent") which issued on September 11, 2007. A copy of the '014 patent is attached hereto as **Exhibit A**, and a copy of the '082 patent is attached hereto as **Exhibit B**. The '014 patent and the '082 patent generally disclose an animal collar, and in particular a dog collar of the type that have one or more electrodes or sensors which protrude

COMPLAINT- 2

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

from the inside surface of the collar for contacting the neck of the animal and communicating a stimulus to the animal.

9. On February 21, 2005, counsel for Lalor and Bumper Boy directed a letter to Innotek alleging that Innotek was infringing the '014 patent, a copy of such letter being attached hereto as **Exhibit C**. A series of communications between counsel for Lalor and Bumper Boy and counsel for Innotek followed, ending with a letter dated April 29, 2005, by Innotek's counsel to counsel for Lalor and Bumper Boy asserting that the '014 patent was invalid and not infringed by Innotek. **Exhibit D**. The reference to "Invisible Technologies, Inc." in that letter is a reference to Innotek's then parent corporation.

10. On November 19, 2009, over four and one half years after the last communication from Innotek's counsel to the defendants' counsel, and over two years after the issuance of the '082 patent, counsel for Lalor and Bumper Boy sent a letter to Radio Systems and Innotek alleging infringement of the '014 patent and the '082 patent, a copy of such letter being attached hereto as **Exhibit E**. There was a subsequent exchange of communications between the parties with Radio Systems and Innotek asserting the invalidity of the '014 and '082 patents and denying infringement, and Lalor and Bumper Boy threatening suit.

11. As a result of the aforementioned communications from Lalor and Bumper Boy, Radio Systems and Innotek have a reasonable fear and apprehension that patent infringement litigation will be brought against them. An actual justiciable controversy therefore exists between the parties.

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

# COUNT I

## Declaratory Judgment of Invalidity, and/or Non-infringement of United States Patent Numbers 6,830,014 and 7,267,082

12. Radio Systems and Innotek hereby repeat and incorporate by reference Paragraphs 1-11 above.

13. As set forth above, upon information and belief Lalor is the owner of record of the '014 patent for a "ANIMAL COLLAR" which issued on December 14, 2004, a copy of which is attached hereto as **Exhibit A**, and the owner of record of the '082 patent for a "ANIMAL COLLAR" which issued on September 11, 2007, a copy of which is attached hereto as **Exhibit B**.

14. Radio Systems and Innotek have not infringed, and are not infringing, any valid claim of the '014 patent or the '082 patent, either directly or contributorily, and Radio Systems and Innotek have not induced, and are not inducing, the infringement of any valid claim of the '014 patent or the '082 patent.

15. If any claims of the '014 patent or the '082 patent are construed to cover any product manufactured or sold by Radio Systems or Innotek, such claims are invalid and/or unenforceable for failure to meet the requirements of the patent laws of the United States, including the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

16. Radio Systems and Innotek further assert that the claims of the '082 patent are invalid and/or unenforceable due to the inequitable conduct before the U.S. Patent and Trademark Office of the named inventors, their attorneys, and/or others involved in the preparation and prosecution of said patent by intentionally failing to disclose to the Patent and Trademark Office information of which they were aware which was material to the examination

COMPLAINT- 4

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

of the application in violation of 37 C.F.R. § 1.56.  As set forth in Paragraph 9 above, on April 29, 2005, counsel for Innotek and its then parent corporation, Invisible Technologies, Inc., directed a letter to counsel for Lalor and Bumper Boy asserting that the '014 patent was invalid and not infringed by Innotek.  **Exhibit D**.  In that letter Innotek's counsel disclosed in detail prior art which invalidated the '014 patent and was also highly material to the application for the '082 Patent.  Id.  Counsel for Innotek further advised Lalor and Bumper Boy that it had an obligation to disclose this prior art to the U.S. Patent Office, and failure to disclose this prior art in any patent application related to the '014 patent would be considered inequitable conduct by Innotek.  Id.  The '082 patent was filed as a continuation application from the '014 patent in the U.S. Patent Office on Dec. 30, 2005.  An Information Disclosure Statement (IDS) which was filed concurrently with the filing of the '082 patent did not list the Innotek prior art.  A period of more than a year went by before the Notice of Allowance was mailed on Jan. 3, 2007, during which period the Innotek prior art could have been cited for consideration by the Examiner, but was not.  A Supplemental IDS was filed by Lalor on Jan. 11, 2007, however, there is no indication in the file history that either of the two requirements were fulfilled for filing an IDS after the mailing of a Notice of Allowance: namely, 1) the required fee, and 2) the certification that the Applicant had known about the prior art for less than 3 months.   U.S. patent counsel for Lalor should have known that the Innotek prior art would not be considered when it was cited after the mailing of the Notice of Allowance, and could have chosen another option to ensure consideration by the Examiner, such as the filing of a continuation application.  Thus, on information and belief, the timing and manner of the ultimate disclosure of the Innotek prior art was intentionally calculated to avoid consideration of such prior art by the Patent Office. Moreover, the failure of Lalor to take reasonable remedial action to insure that the Patent Office

COMPLAINT- 5

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

considered the prior art after it became apparent that the late submission was not being considered by the Patent Office further evidences that the failure to timely disclose prior art was an intentional act.

17.  Lalor and Bumper Boy claims of infringement are barred, in whole or in part, by the doctrines of estoppel, waiver, acquiescence, and/or laches.

18.  The allegations by Lalor and Bumper Boy that Radio Systems and Innotek have infringed the '014 patent and the '082 patent are baseless, and this is an exceptional case within the meaning of 35 U.S.C. § 285 entitling Radio Systems and Innotek to an award of reasonable attorney fees and costs of this litigation.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, Radio Systems and Innotek, request that the Court enter an order and judgment:

a. Issuing a declaration that Radio Systems and Innotek have not infringed United States Patent Number 6,830,014, or United States Patent Number 7,267,082, and additionally, or alternatively, issuing a declaration that United States Patent Number 6,830,014, and United States Patent Number 7,267,082 are invalid and unenforceable;

b. Permanently enjoining Defendants, Tom Lalor and Bumper Boy, Inc., including their officers, agents, servants, subcontractors, and employees, and others controlled by them, from making further allegations or claims that Radio Systems or Innotek have infringed United States Patent Number 6,830,014, or United States Patent Number 7,267,082;

c. Finding any claims of infringement by Tom Lalor and/or Bumper Boy, Inc., to be barred by the doctrines of estoppel, waiver, acquiescence, and/or laches;

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

d.  Finding this to be an exceptional case within the meaning of 35 U.S.C. § 285, and awarding Radio Systems its reasonable attorney fees, expert fees, and costs; and

e.  Awarding Radio Systems and Innotek such other and further relief as the Court may deem justified.

DATED this 18th day of May, 2010.

    Robert E. Pitts (Pro Hac Vice Pending)
    R. Bradford Brittian (Pro Hac Vice Pending)
    Jacob G. Horton (Pro Hac Vice Pending)
    Paul A. Forsyth (Pro Hac Vice Pending)
    PITTS & BRITTIAN, P.C.
    P.O. Box 51295
    Knoxville, TN  37950-1295
    Telephone: (865) 584-0105
    *Attorneys for the Plaintiff*
    *Radio Systems Corporation*

    BADGLEY MULLINS LAW GROUP, PLLC

    s/ Duncan C. Turner_____
    Duncan C. Turner, WSBA # 20597
    BADGLEY~MULLINS LAW GROUP
    4750 Columbia Center
    701 Fifth Avenue
    Seattle, Washington, 98104
    Telephone:  (206) 621-6566
    Facsimile:   (206) 621-9686
    Email:  duncanturner@badleymullins.com

    s/ Allyssa J. Hale_____
    Allyssa J. Hale, WSBA # 38429
    BADGLEY~MULLINS LAW GROUP
    4750 Columbia Center
    701 Fifth Avenue
    Seattle, Washington, 98104
    Telephone:  (206) 621-6566
    Facsimile:   (206) 621-9686
    Email:  ahale@badgleymullins.com
    Attorneys for Plaintiffs

COMPLAINT- 7

**BADGLEY ~ MULLINS**
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686