HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RADIO SYSTEMS CORPORATION and INNOTEK, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TOM LALOR, individually, and BUMPER BOY, INC., <br><br> Defendant. | Cause No. 2:10-cv-00828 <br><br> OPPOSITION TO MOTIONS IN LIMINE AND <br> OPPOSITION TO MOTION TO SEAL |

Defendants Tom Lalor and Bumper Boy, Inc. (collectively "Lalor"), by and through the undersigned counsel, hereby submit this Opposition to Plaintiffs Radio Systems Corporation and Innotek, Inc.'s (collectively "Radio Systems") Motions in Limine (Dkt 80) and to its Motion to File Documents Under Seal (Dkt 84).

### I.  MR. LALOR'S EXPERT TESTIMONY IS ADMISSIBLE

Expert testimony should not admitted if it is unreliable as against the weight of generally accepted scientific principles. *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993); Fed. R. Evid. 702; *Uniloc U.S. Inc. v. Microsoft Corp.*, 632 F.3d 1292 (Fed. Cir. 2011).  This Court has wide discretion whether to allow expert testimony, and its discretion will not be disturbed absent a showing of "manifest error." See *SEB S.A. v. Montgomery Ward & Co.*, 594 F.3d 1360, 1373 (Fed. Cir. 2010).

Opposition to Motions in Limine
Cause No. 2:10-cv-00828                     -1-

MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA  98101
TELEPHONE:  206.436-0900

A.     **Mark Hennings Should Be Able To Testify**

Radio Systems relies, almost exclusively, on *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1360 (Fed. Cir. 2008) for the proposition that Mr. Hennings is not a qualified technical expert merely because he is not skilled in the animal collar industry. Radio Systems both misstates and misapplies the law.

In *Sundance,* the Federal Circuit held that a district court abused its discretion by admitting the testimony of an expert "[d]espite the absence of any suggestion of relevant technical expertise." *Sundance*, 550 F.3d at 1361-62. However, *Sundance* has been acknowledged by the Federal Circuit to be an anomaly, and the instant case is vastly more analogous to the case of *SEB S.A. v. Montgomery Ward & Co.*, 594 F.3d 1360 (Fed. Cir. 2010). In *Montgomery Ward*, the Federal Circuit acknowledged that *Sundance* was an "unusual situation" and held that an expert in patent law had sufficient technical expertise to render an opinion on infringement. More specifically, the Federal Circuit found that SEB's expert had a relevant engineering degree and had worked with the U.S.P.T.O for 31 years in various capacities, including "chemical technologies." *Montgomery Ward*, 594 F.3d at 1373. In addition, the Federal Circuit found that despite SEB's expert having not worked "designing deep fryers," he nevertheless was qualified as an expert because the claimed invention involved the selection of polymer material with certain characteristics, and he was qualified to testify about that technology.

Radio Systems argues that Mr. Hennings does not have expertise in "the physiological effects of the animal training collar upon the animal wearing the collar." Dkt 80, page 6. Fortunately, the Lalor patents do include any claims to physiological effects of animal collars. Rather, the asserted claims of the Lalor patents are directed to describing whether a "high point surface" is above "at least one electrode base." See claim 1 of '082 Patent and '014 Patent. The claims are all specifically directed to a housing of a certain construction in which resides some electronic circuitry. Nowhere are any "physiological effects" ever even mentioned.

Opposition to Motions in Limine
Cause No. 2:10-cv-00828                          -2-

**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, WA 98101
TELEPHONE: 206.436-0900

Similar to the situation in *Montgomery Ward*, Mr. Hennings has both formal and vocational training in the area of electrical circuits and in mechanical design. See Hennings Decl., ¶¶ 2-5. Mr. Hennings is formally educated in the hard sciences with two Masters Degrees (Computer Science and Digital Design) in the relevant technology. *Id*. at ¶ 4. Moreover, Mr. Hennings has additional coursework in robotics that included the study of "matrix transform theory" for determining, for example, the effects of changes in relative positions of independent robot "arms." *Id*.

In addition, Mr. Hennings worked for years designing and testing electronic systems and circuit boards including designing and testing the form, fit, and function of components engineered to military specifications. *Id*. at ¶ 2-3. That experience included ensuring conformance with military specifications for both electrical and mechanical tolerances. His work experience involved physical measurements of placements and orientations of components. *Id*.

Still further, Mr. Hennings has been a registered patent attorney or agent for ten years. As part of that employment, Mr. Hennings frequently drafts and analyzes patent claims and patent documents. Mr. Hennings has prepared formal claim construction arguments during patent litigation. Thus, Mr. Hennings' experience is particular extensive in perhaps the most difficult part of an infringement analysis, understanding how to apply properly-construed claim language against an accused device. *Id*. at ¶ 5.

Quite contrary to Radio Systems' position, there is absolutely no requirement that Mr. Hennings be skilled in the "animal training collar industry." Mr. Hennings is not a damages expert, nor is he an expert on validity. His expertise is in the area of applying properly construed claims to an electro-mechanical device, an area in which Mr. Hennings is eminently qualified. Thus, Mr. Hennings education, technical training, and legal training all combine to make him eminently qualified to opine on the infringement by the accused products on the Lalor patents. To put it simply, Mr. Hennings is, perhaps, overqualified to render an opinion on whether one point on a housing is above another point.

Cause No. 2:10-cv-00828                    -3-

MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA  98101
TELEPHONE:  206.436-0900

Radio Systems also makes too much of the fact that Mr. Hennings did not do an exhaustive investigation into the prior art that it has cited against Mr. Lalor's patent before rendering an infringement opinion. Infringement is a completely separate analysis from validity. The question of whether the claims of Mr. Lalor's patent read on the accused products is a very self-contained analysis. Mr. Hennings was not asked to render an opinion on whether Mr. Lalor's patents are valid, nor is he expected to testify on that subject matter. In fact, Mr. Lalor has moved in limine to restrict Mr. Hennings testimony to the matters upon which he did render an opinion. Dkt 76. It is wholly inappropriate to criticize Mr. Hennings over testimony which he did not give and about which he does not plan to testify.

For all the foregoing reasons, Mr. Hennings is qualified as a technical expert for the purpose of rendering an opinion on whether the asserted claims of the Lalor patents reads on the accused devices. For these reasons, Mr. Lalor opposes Radio Systems motion in limine.

B. <u>Scott Cragun Should Be Allowed To Testify.</u>

   1. Admissibiltiy of Mr. Cragun's Opinion

Radio Systems erroneously objects to the expert testimony of Mr. Scott Cragun on the basis that it is not adequately grounded in relevant facts. Quite the contrary, Mr. Cragun's opinion (filed under seal) quite clearly identifies specifically the facts upon which it is based. Mr. Cragun identified about eight license agreements that Radio Systems itself entered into. Cragun Opinion, pages 7-12. All of those licenses related to animal collars or animal products. Mr. Cragun's opinion indicates that all those licenses are relevant to the analysis of an adequate royalty rate that would be applied in the instant action. Cragun Opinion, page 7.

Mr. Cragun then proceeds to carefully analyze the instant case against the backdrop of all those prior licenses. Cragun Opinion, pages 12-20. Mr. Cragun's opinion is meticulous in detail, and is firmly grounded in very specific, very relevant facts. That Radio Systems believes it has some cause to challenge certain of those facts does not render Mr. Cragun's testimony inadmissible. It is for the jury, not the Court to evaluate the correctness of the facts underlying Mr. Cragun's opinion. *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 856 (Fed.

Opposition to Motions in Limine
Cause No. 2:10-cv-00828                    -4-

MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
TELEPHONE: 206.436-0900

Cir. 2010), cert. granted, 562 U.S. ——, 131 S.Ct. 647, 178 L.Ed.2d 476 (2010) ("[I]t is not the district court's role under Daubert to evaluate the correctness of facts underlying an expert's testimony.").

The cases upon which Radio Systems relies to challenge Mr. Cragun's opinion stand for the proposition that the so-called "25% Rule", which has been disavowed by the Federal Circuit, cannot be used to support a damages opinion that is not otherwise tied to the specific facts of the case at hand. In the instant case, Mr. Cragun has not relied on the 25% Rule nor has he made any mention of it. Rather, he has relied on specific relevant facts, and he has carefully analyzed the instant situation in light of those facts. Mr. Cragun did not render an opinion by arbitrarily picking a large royalty rate unrelated to the issues in this case. Such is simply not the case, and Radio Systems' position is not supported by the facts.

"Less comparable" does not equate to "radically different." The licenses that Mr. Cragun relied on were, largely, licenses that Radio Systems itself has already entered into. Those licenses all pertain to the animal collar industry, and are comparable to the Lalor patent. That they are not "identical to" the Lalor patent does not make them "radically different" as would be necessary to render Mr. Cragun's opinion unreliable. See, *Uniloc U.S. Inc. v. Microsoft Corp..*, 632 F.3d 1292, 1316 (Fed. Cir. 2011)(Patentee cannot rely on licenses that are "radically different" from the patents in suit).

Apparently Radio Systems would like to extrapolate the common-sense notion that "relying on "radically different" licenses is improper" into "relying on a license that is different in any way is improper." Such is simply not the rule, and the licenses that were considered by Mr. Cragun are not only very relevant, they are perhaps the most relevant licenses that could have possibly been considered by Mr. Cragun.

Radio Systems also makes the curious argument that Mr. Cragun's opinion is unreliable because it is not based on licenses actually granted to the patents-in-suit. Dkt. 80, page 12. Apparently Radio Systems would like this Court to adopt a rule that unless a patent

Opposition to Motions in Limine
Cause No. 2:10-cv-00828    -5-

MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
TELEPHONE: 206.436-0900

has in fact been licensed, there cannot be a damages calculation for its infringement. Such a position is untenable and Mr. Lalor urges the Court not to adopt it.

For at least the foregoing reasons, Mr. Cragun's expert opinion is well based in relevant facts, and Mr. Lalor urges this Court to deny Radio Systems' Motion in Limine.

### 2. Opposition To Radio Systems Motion to Seal

In addition to its motions in limine, Radio Systems has asked this Court to seal the expert opinion of Mr. Cragun on the grounds (generally stated) that it encompasses confidential business information. Dkt 84. However, Radio Systems has also hand-picked a number of excerpts from that very report to substantiate its motion in limine opposing Mr. Cragun's testimony. Dkt 80, pages 10, 12, 13. Radio Systems cannot ask this Court to make everything in Mr. Cragun's opinion secret *except* the few things that Radio Systems would like to share. At trial, (assuming his testimony is admitted by the Court) obviously Mr. Cragun's testimony will be public information. It would be highly irregular to attach any confidentiality to the testimony of a witness, even if that witness is testifying about sensitive matters. Accordingly, Mr. Lalor opposes Radio Systems motion to seal Mr. Cragun's expert opinion.

### II. MR. LALOR DID IDENTIFY THE ROBINS AND NUNN TESTIMONY

Radio Systems has lodged some manner of objection concerning the testimony of Mr. Dennis Robins and Mr. Murry Nunn . It is unclear from the motion exactly what relief Radio Systems in seeking as the motion simply makes the general statement that Mr. Lalor did not specify the particular roles of Mr. Robins or Mr. Nunn in response to an interrogatory request.

Radio Systems has been on notice of the expected testimony of both Mr. Robins and Mr. Nunn since initial disclosures were served just over a year ago. Attached as Exhibit B is a copy of Mr. Lalor's initial disclosures that were served on September 15, 2010. In those disclosures, both Mr. Robins and Mr. Nunn were identified as individuals "familiar with Mr. Lalor's conception, design and development of the inventions claimed in the '014 and '082 Patents." Exhibit B, page 3. On his pretrial statement, Mr. Lalor indicated that those two

Opposition to Motions in Limine
Cause No. 2:10-cv-00828                    -6-

MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
TELEPHONE: 206.436-0900

witnesses may testify on *exactly* the same subject matter that was identified in Mr. Lalor's initial disclosures—verbatim.

Radio Systems is in the awkward position of having to argue that the disclosure of those two witnesses in Mr. Lalor's pretrial statement was sufficient notice of their testimony to prompt this motion in limine, yet the exact same disclosure was somehow insufficient notice that Radio Systems should have investigated that testimony during discovery. Radio Systems failed to investigate the testimony of Messrs. Robins and Nunn for reasons known only to them, but it is disingenuous to complain now that they were without sufficient notice of that testimony. Accordingly, Mr. Lalor objects to Radio Systems motion in limine.

### III.  RADIO SYSTEMS' REMAINING OBJECTIONS ARE PREMATURE

Radio Systems' also seeks to preclude Mr. Lalor, Mr. Robins, and Kenneth Xiong from providing expert testimony pursuant to F.R.E. 702. Mr. Lalor does not challenge Radio Systems' position that neither Mr. Lalor, Mr. Robins, nor Mr. Xiong have provided expert opinions in this matter under Fed. R. Civ. P. 26(a)(2), nor were they identified as testifying experts for trial. Radio Systems appears to be seeking relief for a problem which does not appear to exist. In a vacuum, it appears impossible to determine exactly what testimony Radio Systems is seeking to exclude. The only reasonable way to address this motion is to wait until Mr. Lalor begins presenting witnesses, and if any of those witnesses begins providing testimony that would be governed by F.R.E. 702, Radio Systems should raise the objection then. For these reasons, Mr. Lalor objects to Radio Systems' motion in limine.

Opposition to Motions in Limine
Cause No. 2:10-cv-00828                        -7-

**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, WA 98101
TELEPHONE: 206.436-0900

## IV. CONCLUSION

Mr. Lalor hereby opposes Radio Systems' motions in limine for the several reasons presented above.

Dated: November 14, 2011

Respectfully submitted:

*/s/ Philip P. Mann*
Philip P. Mann, WSBA No: 28860
MANN LAW GROUP
John Whitaker, WSBA No. 28868
WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
Phone (206) 436-0900
Fax (866) 341-5140
phil@mannlawgroup.com
john@wlawgrp.com

Attorneys for Defendants,
Tom Lalor and Bumper Boy, Inc.

Opposition to Motions in Limine
Cause No. 2:10-cv-00828     -8-

**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, WA  98101
TELEPHONE:  206.436.0900

## CERTIFICATE OF SERVICE

I hereby certify that on the day indicated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing at least to the following:

| | |
|---|---|
| R. Bradford Brittian<br>Matthew Stark<br>MERCHANT & GOULD P.C.<br>110 Tyson Boulevard, Suite 203<br>Alcoa, TN 37701<br>Telephone (865) 380.5989<br>Facsimile (865) 380.5999<br>MStark@merchantgould.com<br>rbrittain@merchantgould.com | ☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Overnight Mail<br>☐ Facsimile<br>☐ CM/ECF Notification<br>☐ Email |
| Duncan C. Turner, WSBA # 20597<br>Allyssa J. Hale, WSBA # 38429<br>BADGLEY~MULLINS LAW GROUP<br>4750 Columbia Center<br>701 Fifth Avenue<br>Seattle, Washington, 98104<br>Telephone: (206) 621-6566<br>Facsimile: (206) 621-9686<br>duncanturner@badgleymullins.com<br>ahale@badgleymullins.com | ☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Overnight Mail<br>☐ Facsimile<br>☐ CM/ECF Notification<br>☐ Email |

Attorneys for Plaintiffs Radio Systems Corporation and Innotek, Inc.

Executed on November 14, 2011.     /s/ *John Whitaker*
　　　　　　　　　　　　　　　　　John Whitaker
　　　　　　　　　　　　　　　　　Whitaker Law Group

Opposition to Motions in Limine
Cause No. 2:10-cv-00828                     -9-

**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, WA 98101
TELEPHONE: 206.436.0900