UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
RADIO SYSTEMS CORPORATION and ) No. C10-828RSL
INNOTEK, INC., )
               Plaintiffs, )
     v. ) ORDER DENYING DEFENDANTS'
) MOTION FOR RECONSIDERATION
TOM LALOR, individually, and BUMPER )
BOY, INC., )
               Defendants. )
_____ )

This matter comes before the Court on Defendants' Motion for Reconsideration (Dkt. # 112). Defendants ask the Court to reconsider its prior Order (Dkt. # 110) granting Plaintiffs' motion for summary judgment. They argue that the Court erred in concluding both "that the 'inside surface' of the collar housing was located at the elevated location along line '32' rather than at the lower position marked 'Y,'" and that equitable estoppel precludes Defendants from pursuing their claim that Plaintiffs' UltraSmart collar design infringes their '082 Patent. They further contend that the Court erred by *sua sponte* granting summary judgment to Plaintiffs on the issue of the UltraSmart collar design. The Court disagrees and DENIES the motion.[1]

## I. DISCUSSION

Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not

---

[1] Having reviewed Defendants' motion, the Court finds that this matter can be decided on the papers and DENIES Defendants' request for oral argument.

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION – 1

1  have been brought to [the Court's] attention earlier with reasonable diligence." Local Civil Rule
2  7(h)(1). Defendants have not made either showing.

**A. Inside Surface**

First, Defendants' misrepresent the Court's conclusion. The Court did not conclude "that the 'inside surface' of the collar housing was located at the elevated location along line '32' rather than at the lower position marked 'Y.'" Contra Mot. (Dkt. # 112) at 2. Rather, the Court concluded that "the 'electrode base' of each electrode" "was located at the elevated location along line '32' rather than at the lower position marked 'Y.'" Compare Order (Dkt. # 110) at 12 (emphasis added) ("Accordingly, the 'electrode base' of each electrode is located at the points marked 'X'—points that extend above the 'high point surfaces,' marked 'D' and 'E.'"), with Mot. (Dkt. # 112) at 2. And, as detailed in the Court's Order, the "electrode base" is "the portion of the electrode where it intersects the inside surface of the collar housing." Order (Dkt. # 110) at 11 (emphasis added) (quoting Order (Dkt. # 39) at 9 (claim construction order)).

Moreover, to be frank, Defendants' argument strains the natural implications of the quoted language. Unquestionably, the "detailed description" of each invention describes a collar housing with an "inside surface, which faces inwards toward the animal and is designed for contacting the skin of the animal during use." Dkt. # 1-2 at 11 (figure reference omitted); Dkt. # 1-3 at 13. The Court recognized that fact when it adopted these descriptions in construing "inside surface" in its claim construction order. See Dkt. # 39 at 7–8.

However, the term and its description cannot simply be plucked from their context and applied in a vacuum. Medrad, Inc. v. MRI Devices Corp., 401 F.3d 1313, 1319 (Fed. Cir.2005). Rather, "inside surface" must be construed as it would by a "person of ordinary skill in the field of the invention" in light of the context of the entire patent. Phillips v. AWH Corp., 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc). As noted, the Court has done that. Dkt. # 39 at 7–8. And it sees no reason to depart from its prior construction. No "one of ordinary skill in the art," Phillips, 415 F.3d at 1316, would construe "inside surface" to include only those portions of the

collar housing that both "faces inwards toward the animal" and literally "contact[s] the skin of the animal during use." Rather, even reading just the descriptions, it is apparent that they merely provides details, in relation to an included figure,[2] to allow "one of ordinary skill in the art" to distinguish each of the four sides of the collar from one another:

> Collar housing **12** of the present invention generally has a front surface **14**, an opposing back surface **15**, an outside surface **16**, which faces away from the animal during use, and an inside surface **18**, which faces inwards toward the animal and is designed for contacting the skin of the animal during use when the collar is attached to the animal's neck.

Dkt. # 1-2 at 11; see also Dkt. # 1-3 at 13.

In contrast to the clear import of the entirety of the description itself, Defendants'

---

[2]

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION – 3

argument would require the Court to conclude first that a fifth, unmentioned and uncontemplated surface area exists on each collar housing—an area that "faces inwards toward the animal" but might not regularly "contact[] the skin of the animal during use" as a result of the umbrella effect of the electrode.  It would force the Court to undertake a hypertechnical inquiry as to the likelihood that the animal's skin would contact those unmentioned and uncontemplated surfaces in order to carve those areas out from the "inside surface"—even though the patent is silent as to how to undertake such an inquiry.  And it would depend on the assumption that the Court would not conclude that each of those areas are "_designed_ for contacting the skin of the animal during use"—regardless of the actual frequency of contact—given that each are made of the same material and are otherwise equally suited for contacting the animal's skin as the "inside surface" as identified by Defendants.  No reasonable individual of "ordinary skill in the art" would read Plaintiffs' patents in such a manner.  Cf. Phillips, 415 F.3d at 1316.

The Court thus DENIES the motion as to Defendants' first point.  No reasonable juror would conclude that the GS-011, FieldPro, or SD-1825 collar designs infringe Defendants' patents.  See Gen. Mills, Inc. v. Hunt-Wesson, Inc., 103 F.3d 978, 983 (Fed. Cir. 1997).

**B.  The '082 Patent**

Moving on to Defendants' second point, the Court did not overlook the fact that "the effective filing date of a continuation-in-part application is the earliest filing date of any application to which that application claims priority and which supports the allowed claims." But see Mot. (Dkt. # 112) at 5 (emphasis omitted) (quoting Transco Prods. Inc. v. Performance Contracting, Inc., 38 F.3d 551, 556 (Fed. Cir. 1994).  Admittedly, however, the Court's Order could be more clear on that point.

To clarify, the primary reason that Defendants' '082 Patent is ineffectual as to the UltraSmart collar design is that, as Defendants contend, it carries "the same effect" as the '014 Patent.  Transco, 38 F.3d at 556 (discussing 35 U.S.C. § 120).  Unfortunately for Defendants, however, this includes both the good, e.g., the effective filing date, and the bad, e.g., issues

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION – 4

precluded by estoppel. See id. ("[A] continuing application and the application on which it is based are considered part of the same transaction constituting one continuous application."). As a result, Defendants cannot use the '082 Patent to escape this Court's estoppel finding, at least to the extent that Defendants seek to invoke the application date of the '014 Patent as the effective date of the continuing claims in their '082 Patent. See Desper Prods., Inc. v. QSound Labs, Inc., 157 F.3d 1325, 1338 (Fed. Cir. 1998) ("[P]rosecution history estoppel cannot be avoided by filing a continuing application with narrowed claims rather than responding directly to an outstanding rejection."); Litton Sys., Inc. v. Whirlpool Corp., 728 F.2d 1423, 1438–40 (Fed. Cir. 1984) (declining to accord a continuing-in-part patent the filing date of its parent application (under 35 U.S.C. § 120), because the issuance of a patent from a continuing-in-part application, filed in response to a "new matter rejection," estops the patentee from arguing that the rejection was erroneous), abrogated on other grounds by Two Pesos Inc. v. Taco Cabana, 505 U.S. 763 (1992); accord Pennwalt Corp. v. Akzona, Inc., 740 F.2d 1573, 1578–79 (Fed. Cir. 1984). Estoppel must run to those common claims. Otherwise, a clever litigant could effectively nullify a court's estoppel ruling simply by relying on identical claims in a later-filed continuation patent—a result that equity obviously precludes.

In deference to that common understanding, the Court's note, Dkt. # 110 at 13 n.7, was directed at a more niche point—that "a continuing application is entitled to rely on the filing date of an earlier application only with respect to subject matter common to both applications." Transco, 38 F.3d at 557 n.6 (emphasis added). As Litton explains,

> A [continuation-in-part] application is different from an original patent application . . . in that it often generates two effective filing dates applicable to different parts of the same patent. New matter in a [continuation-in-part] application has the filing date of that [continuation-in-part] application. The earlier filing date of the parent application pertains to material in the [continuation-in-part] application also disclosed in the prior application."

728 F.2d at 1438 (citing 35 U.S.C. § 120). And because benefits and liabilities are ordinarily co-

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION – 5

extensive, see Pension Benefits Guar. Corp. v. Ouimet Corp., 711 F.2d 1085, 1087, 1090 (1st Cir. 1983), it could be argued that the preclusive effect of the Court's collateral estoppel holding would not absolutely preclude Plaintiffs' liability under the '082 Patent for claims distinct from those found in the '014 Patent. This would ordinarily require findings of fact "as to whether newly added matter is inherent in the parent application." Litton, 728 F.2d at 1438. As the Court's note provides, however, the point is moot in this case because the UltraSmart collar design pre-dates the '082 Patent's application date.

In sum, the Court finds no error in its ruling, and Defendants have not presented any new facts or legal authority. The Court DENIES the motion as to this ground.

## C.  *Sua Sponte* Summary Judgment

The Court thus reaches Defendants' final complaint: that Plaintiffs "never even argued that the UltraSmart collar design did not infringe either the '014 Patent or the '082 Patent." Mot. (Dkt. # 112) at 5. The Court agrees. Plaintiffs noted in their motion that the UltraSmart collar design was "not the subject of this Motion for Summary Judgment of non-infringement." Mot. (Dkt. # 53) at 22 ("Three Accused Designs Do Not Infringe The '014 Patent Or The '082 Patents As A Matter Of Law."). It is for that reason that the Court did not include the UltraSmart design in its infringement analysis, Order (Dkt. # 110) at 7–13, and held instead that "Defendants are equitably estopped from pursuing their claim that Plaintiffs' UltraSmart collar design infringes their '014 Patent [or '082 Patent]," id. at 13 & n.7.

As the Order demonstrates, the Court's lone comments regarding the UltraSmart collar design and non-infringement came in the context of Plaintiffs' estoppel argument—an argument that plainly included the UltraSmart collar design. Plaintiffs described their estoppel argument as a "bar" or "limit" to "claims of infringement," not as an argument of "non-infringement." Compare Mot. (Dkt. # 53) at 28, with id. at 22. And they urged the Court to conclude broadly that "estoppel applies to bar completely the defendants' claims under both the '014 and the '082 Patents." Id. at 33.

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION – 6

Moreover, even assuming the Court agreed that a portion of its Order was *sua sponte*, Defendants do not even allege, much less make any showing, that they were deprived of "a full and fair opportunity to ventilate the issues" about which they now complain. See Koninklijke Philips Elecs. N.V. v. Cardiac Sci. Operating Co., 590 F.3d 1326, 1332 (Fed. Cir. 2010) (citations and internal quotation marks omitted) (describing the circumstance under which a court may enter summary judgment *sua sponte*). They could not. Plaintiffs' laches and estoppel arguments apply equally to each patent and each allegedly infringing product. Mot. (Dkt. # 53) at 22–28. Defendants argued specifically against only the laches argument, mentioning estoppel only in passing. See Opp. (Dkt. # 58) at 19–22. And even when pressed at oral argument about the specific issue of estoppel as applied to each product and patent, Defendants maintained the same position that they had argued in their papers: that Plaintiffs, specifically Plaintiff Radio Systems, could not show reliance on Defendants' action.

Their present motion makes clear that they have nothing new to bring to the table. Thus, even were the Court to agree that its ruling was *sua sponte*, the Court cannot conclude that they lacked a "full and fair opportunity to ventilate the issues involved in the motion" or that any genuine issue of material fact existed. Koninklijke, 590 F.3d at 1332. Having failed to articulate a single novel argument or present a single novel fact in their present motion, they only reinforce the Court's conclusion that summary judgment was appropriate. Id.

## II. CONCLUSION

For all of the foregoing reasons, Defendants' motion is DENIED.

DATED this 21st day of February, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION – 7