1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                          )
RADIO SYSTEMS CORPORATION and    )        No. C10-828RSL
INNOTEK, INC.,                                       )
                                                          )
                          Plaintiffs,              )
                                                          )
            v.                                          )        ORDER DENYING PLAINTIFFS'
                                                          )        MOTION TO REOPEN SUMMARY
TOM LALOR, individually, and BUMPER    )        JUDGMENT PROCEEDINGS
BOY, INC.,                                            )
                                                          )
                          Defendants.            )
_____ )

        This matter comes before the Court on Plaintiffs' "Motion to Reopen Summary Judgment

Proceedings with Respect to Invalidity of U.S. Patent No. 7,267,082" (Dkt. # 128).  Plaintiffs

ask the Court to reopen summary judgment proceedings on the sole issue of whether one of

Defendants' patents is invalid as a matter of law.  Plaintiffs contend that the Court's earlier

Order denying summary judgment of invalidity overextended Federal Circuit precedent

regarding the use of patent drawings as prior art and the Court should consider the drawings in

the context of new summary judgment proceedings.  Having considered the parties' memoranda

and supporting documents and the remainder of the records, the Court finds the following:[1]

---

[1]In response to Plaintiffs' reply memorandum, Defendants filed a "Surreply on Motion to Re-
Open Summary Judgment" (Dkt. # 131) asking the Court to strike two pages of Plaintiffs' reply because
they include a drawing and argument not previously raised in Plaintiffs' motion.  Because Plaintiffs
submitted this drawing and presented these arguments in response to arguments raised by Defendants' in
their opposition, the Court DENIES Defendants' motion to strike (Dkt. # 131).

# I. BACKGROUND

This is a patent declaratory judgment action in which Plaintiffs seek declarations that their products do not infringe Defendants' patents and/or the relevant claims of Defendants' patents are invalid.  Dkt. # 1 ¶ 14-15.  Defendants have asserted counterclaims of infringement. Dkt. # 5 ¶ 7-8.

On January 26, 2012, the Court issued an order granting Plaintiffs' motion for summary judgment.  Dkt. # 110.  The Court denied Plaintiffs' motion with respect to their claims of invalidity, id. at 5-7, but granted summary judgment on their claims of non-infringement, id. at 13.  Specifically, the Court found that three of Plaintiffs' accused electronic animal collar designs, the GS-011, FieldPro, and SD-1825, do not infringe Defendants' patents, United States Patent Nos. 6,830,014 ("the '014 Patent") and 7,267,082 ("the '082 Patent").  Id.  In addition, the Court concluded that equitable estoppel barred Defendants' claim that Plaintiff's UltraSmart collar design infringes Defendants' patents.  Id. at 13, 13 n.7.  Defendants appealed the Court's decision regarding equitable estoppel, the Court's construction of claim terms and its application of those constructions to the accused products.  See Dkt. # 121 at 6.

The Federal Circuit affirmed this Court's construction of the claim terms and its grant of summary dismissal of Plaintiffs' claims of non-infringement with respect to the GS-011, FieldPro, and SD-1825 collar designs.  Id. at 9.  The court also affirmed this Court's finding that equitable estoppel bars Defendants' infringement claims regarding the UltraSmart collar and the '014 Patent.  Id. at 12.  However, the court reversed this Court's judgment of non-infringement with respect to the '082 Patent on the basis of equitable estoppel and remanded the case for additional proceedings.  Id. at 15.  The only remaining claims on remand involve the scope and validity of the '082 Patent and whether the UltraSmart collar design infringes the '082 Patent.

The Federal Circuit declined to consider Plaintiffs' argument that invalidity presented an alternative ground for affirming the Court's judgment because Plaintiffs failed to raise this issue

1   in a cross appeal. Id. at 13-14.  The court instructed that "[o]n remand, Radio Systems may

2   pursue its invalidity defense in further proceedings, and, should there be additional rulings on

3   invalidity by the district court, Radio Systems may pursue a proper appeal at that time." Id. at

4   14.

5                                   **II.  DISCUSSION**

6       Plaintiffs now contend that the Court erred when it denied summary judgment on their

7   claim that the '082 Patent is invalid.  Dkt. # 128 at 4.  Specifically, Plaintiffs argue that the Court

8   should have considered the drawings in United States Patent No. 330,173 ("the '173 Patent")

9   and United States Patent No. 5,872,516 ("the '516 Patent"). Id. at 3,4.  Thus, the Court

10  construes Plaintiffs' motion as one for reconsideration of the Court's Order denying summary

11  judgment on their claims of invalidity.

12      Motions for reconsideration are disfavored and will be granted only upon a "showing of

13  manifest error in the prior ruling" or "new facts or legal authority which could not have been

14  brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1).  The Ninth

15  Circuit has called reconsideration "an extraordinary remedy, to be used sparingly in the interests

16  of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229

17  F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted).  Motions for reconsideration

18  should not be granted "unless the district court is presented with newly discovered evidence,

19  committed clear error, or if there is an intervening change in the controlling law." 389 Orange

20  Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).

21      As an initial matter, the Court declines Defendants' invitation to find Plaintiffs' motion

22  untimely under the Local Civil Rules.  Dkt. # 129 at 2-3.  Given that the Court granted Plaintiffs'

23  motion for summary judgment on other grounds and entered judgment in their favor, there was

24  no reason for Plaintiff to seek reconsideration within fourteen days of the Court's order.  See

25  Dkt. # 110; Dkt. # 111.  Furthermore, Rule 54 of the Federal Rules of Civil Procedure permits

26

ORDER DENYING PLAINTIFFS' MOTION
TO REOPEN SUMMARY JUDGMENT PROCEEDINGS  – 3

the Court to revisit "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" at any time prior to final judgment.  Fed. R. Civ. P. 54(b).  Because the Federal Circuit reversed the judgment of non-infringement with respect to the '082 Patent, the Court finds that Plaintiffs' request is timely.

Nonetheless, the Court finds that Plaintiffs have not made the requisite showing to reopen summary judgment proceedings.  They have not demonstrated manifest error in the Court's previous ruling or shown the existence of new facts or law warranting reconsideration of the Court's earlier denial of summary judgment on Plaintiffs' invalidity claims.  Plaintiffs point to PlaSmart, Inc. v. Kappos, 482 Fed.Appx. 568 (Fed. Cir. 2012) and Ex Parte Trouilly, 2013 WL 5399276, No. 2010-012036 (P.T.A.B. Jan. 16, 2013), as new authority requiring additional summary judgment proceedings.  Dkt. # 130 at 2-3.  While it may be true that these cases were decided after the Court's ruling on Plaintiffs' motion for summary judgment, they do not represent a change in authority warranting reconsideration of the same arguments.

In PlaSmart, the Federal Circuit merely reiterated that "[its] precedent has held that drawings can be used as prior art, without referring to the surrounding description, only if the prior art features are clearly disclosed by the drawing," and determined that "the Board properly followed this precedent."  482 Fed.Appx. 568, 572-73.  Similarly, in Trouilly, the Board summarized prior case law regarding the consideration of patent drawings as prior art and relied on that precedent to affirm in part and reverse in part the Examiner's decision.  2013 WL 5399276, at *3-5.

## II.  CONCLUSION

For all of the foregoing reasons, Plaintiffs' motion to reopen summary judgment proceedings (Dkt. # 128) is DENIED.  The Court will issue a separate Case Management Order.

DATED this 18th day of November, 2013.


Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION
TO REOPEN SUMMARY JUDGMENT PROCEEDINGS  – 5