UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
RADIO SYSTEMS CORPORATION and       )   No. C10-828RSL
INNOTEK, INC.,                      )
                                    )
            Plaintiffs,             )
        v.                          )   ORDER DENYING PLAINTIFFS'
                                    )   MOTION FOR SUPPLEMENTAL
TOM LALOR, individually, and BUMPER )   CLAIM CONSTRUCTION ORDER
BOY, INC.,                          )
                                    )
            Defendants.             )
_____)

This matter comes before the Court on "Plaintiffs' Motion for Supplemental Claim Construction Order," dkt. # 87. Plaintiffs filed this motion in November 2011, before the Court granted Plaintiffs' motion for summary judgment. Dkt. # 110. After granting the motion for summary judgment, the Court entered judgment in the case. Dkt. # 111. As a result, the Court did not reach the merits of this motion. Defendants appealed the Court's construction of two claim terms and the order granting summary judgment.

In March 2013, the Federal Circuit affirmed this Court's construction of the claim terms and its grant of summary dismissal of Plaintiffs' claims of non-infringement with respect to the GS-011, FieldPro, and SD-1825 collar designs. Dkt. # 120 at 9. The court also affirmed this Court's finding that equitable estoppel bars Defendants' infringement claims regarding the UltraSmart collar and the '014 Patent. Id. at 12. However, the court reversed this Court's judgment of non-infringement with respect to the '082 Patent on the basis of equitable estoppel

ORDER DENYING PLAINTIFFS' MOTION FOR
SUPPLEMENTAL CLAIM CONSTRUCTION ORDER – 1

and remanded the case for additional proceedings. Id. at 15. The only remaining claims on remand involve the scope and validity of the '082 Patent and whether the UltraSmart collar design infringes the '082 Patent.

On June 11, 2014, Plaintiffs filed a "Notice of New Authority Relevant to Indefiniteness of Patent Claims Under 35 U.S.C. § 112," supporting their motion for supplemental claim construction order. Dkt. # 137. As a result of this submission, the Court became aware that Plaintiffs' motion, which became moot after summary judgment, has not been ruled upon and the parties are awaiting a decision. Having considered the parties' memoranda and supporting documents, and the remainder of the record, the Court DENIES Plaintiffs' motion.

Although titled a"Motion for Supplemental Claim Construction Order," Plaintiffs' motion is actually a motion for reconsideration. In the motion, Plaintiffs argue that the Court's constructions of the terms "collar housing," "electrode base," and "central area" are ambiguous and need to be clarified for the jury. Dkt. # 87 at 1. The Court issued its order construing claims in May 2011, but Plaintiffs did not file their motion for reconsideration until nearly six months later. Dkt. # 39. Pursuant to the Court's Local Rules in effect at the time the motion was filed, a motion for reconsideration "shall be filed within fourteen days after the order to which it relates." LCR 7(h)(2). Plaintiffs' motion was, therefore, untimely when it was filed in November 2011.

Furthermore, motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). In addition to being untimely, Plaintiffs have not met this burden. In its order construing claims, the Court construed "collar housing" and "electrode base" based on the claim language and specifications of the patents. Dkt. # 39 at 7. The Court declined to construe "outside of a central area of said housing, said central area located between said first

ORDER DENYING PLAINTIFFS' MOTION FOR
SUPPLEMENTAL CLAIM CONSTRUCTION ORDER – 2

electrode base and said second electrode base" based on its determination that the only term in that phrase that is initially unclear is the "central area," and that term is defined by the subsequent text. Id. at 11.

Plaintiffs have not presented new facts or authority justifying reconsideration of the terms, nor have they demonstrated manifest error. Rather, Plaintiffs reiterate their proposed constructions and arguments set forth in their original opening claim construction memorandum, which the Court considered and rejected. See Dkt. # 39 at 6-7, 8-9, 11. Plaintiffs have not demonstrated manifest error or shown that new facts or legal authority exist which would warrant reconsideration of the Court's previous constructions of the three terms.

As for Plaintiffs' recently filed "new authority," Plaintiffs are correct that the Supreme Court recently announced a new standard for indefiniteness under 35 U.S.C. § 112. Dkt. # 137. Although Plaintiffs raise concerns regarding the indefinite nature of "central area" in their motion for supplemental construction, that argument was not presented in their opening claim construction memorandum and Plaintiffs have failed to provide a sufficient justification for this untimely argument. Finally, the Court notes that Plaintiffs had an opportunity to raise their concerns regarding claim construction on appeal, but declined to do so. The Federal Circuit has since affirmed the Court's construction of one of the terms identified in Plaintiffs' motion and the Court is not inclined to revisit any of its constructions at this time.

For all of the foregoing reasons, Plaintiffs' motion for supplemental claim construction order (Dkt. # 87) is DENIED.

DATED this 17th day of June, 2014.

*[signature]*
Robert S. Lasnik
United States District Judge