UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                              )
RADIO SYSTEMS CORPORATION, *et al.*,  )   No. C10-828RSL
                                              )
                    Plaintiffs,               )
            v.                                )   ORDER GRANTING IN PART
                                              )   DEFENDANT'S MOTIONS IN
                                              )   LIMINE
                                              )
TOM LALOR, *et al.*,                          )
                                              )
                    Defendants.               )
_____)

This matter comes before the Court on "Tom Lalor's Motions in Limine." Dkt. # 144. Having reviewed the memoranda, declarations and exhibits submitted by the parties, the remainder of the record, and the arguments made by counsel during the September 8, 2014, hearing, the Court finds as follows:

**1.     Dismissal of Bumper Boy, Inc.**

Defendant Tom Lalor seeks an order removing his co-defendant Bumper Boy, Inc. ("Bumper Boy") as a party in the above-captioned matter because "Bumper Boy has no ownership, license or other interest in [U.S. Patent No. 7,267,082 (filed Dec. 30, 2005) ("the '082 Patent")] and does not market or otherwise distribute products covered by [] the '082 Patent." Dkt. # 144 at 2. Defendant contends that Bumper Boy was named as a defendant in this case because the cease-and-desist letter that Mr. Lalor's counsel sent to Plaintiffs mistakenly stated that Bumper Boy owned the '082 Patent. Id. However, no party moved to dismiss

ORDER GRANTING IN PART
DEFENDANT'S MOTIONS IN LIMINE

Bumper Boy or sought summary judgment in its favor.  Furthermore, Defendant has not presented any authority supporting his position.  Thus, Defendant's first motion *in limine* seeking dismissal of Bumper Boy is DENIED.

## 2.     Prior Art Not Previously Disclosed

Defendant asks the Court to preclude Plaintiffs from relying on nineteen patents identified by Plaintiffs in their notice pursuant to 35 U.S.C. § 282 that were not previously identified in their invalidity contentions pursuant to Local Patent Rule 113.[1]  Dkt. # 144 at 3-5.  Local Patent Rule 113 requires each party opposing a claim of patent infringement to disclose "[e]ach item of prior art that allegedly anticipates each Asserted Claim or renders it obvious" and to state "[w]hether each item of prior art anticipates each Asserted Claim or renders it obvious."  Local Patent Rule 113(b), (c).  Additionally, a party opposing infringement must identify where in each alleged item of prior art each element of each Asserted Claim is located.  Id. 113(d).

Plaintiffs have agreed not to rely on or refer to four of the patents identified in their § 282 notice that were not disclosed to Defendant before the Markman hearing.  Dkt. # 146 at 4.  Specifically, Plaintiffs will not rely on "Patent Nos. 4,967,695, 5,476,729, 6,928,958 or D 520,894."  Id.  Plaintiffs also state that they will only refer to the other previously undisclosed fifteen items of prior art to support opinions on issues other than anticipation and obviousness, such as knowledge of the person of ordinary skill in the art.  See Standard Oil Co. v. Am. Cyanamid Co., 774 F.2d 448, 454 (Fed. Cir. 1985) (stating that a person with ordinary skill in the art "is presumed to be aware of all the pertinent prior art.").  Because Plaintiffs agree that they will only rely on the thirteen items of prior art identified in their Local Patent Rule 113 disclosure for their claims of anticipation and obviousness, the Court GRANTS Defendant's

---

[1] Defendant refers to Local Patent Rule 120, but that rule governs the disclosure of asserted claims and infringement contentions by a party claiming patent infringement.  Local Patent Rule 120.  Local Patent Rule 113, however, addresses the disclosure of a party's non-infringement and invalidity contentions.

ORDER GRANTING IN PART
DEFENDANT'S MOTIONS IN LIMINE            -2-

specific request. Plaintiffs may present evidence related to the additional prior art identified in their § 282 notice (excluding the patents identified by number above) for purposes other than showing anticipation or obviousness. A limiting instruction may be necessary, however, to prevent the jury from considering these references for an improper purpose. Defendant's second motion *in limine* is GRANTED.

### 3. Testimony of Mark Hennings Beyond Infringement

Mr. Lalor seeks to preclude Plaintiffs from eliciting testimony from his infringement expert witness, Mark Hennings, beyond the scope of his expert report. Dkt. # 144 at 5-6. Specifically, Defendant asks the Court to prohibit Plaintiffs from questioning Mr. Hennings about prior art or validity issues unless the door is opened by Mr. Lalor. Id. Because the Court has granted Plaintiffs' motion to exclude Mr. Hennings' testimony in its entirety, Defendant's third motion *in limine* is DENIED as moot.

### 4. Non-Infringement and Invalidity Arguments Not Previously Disclosed

Defendant asks the Court to limit Plaintiffs' arguments regarding non-infringement and invalidity to those identified in their non-infringement and invalidity contentions. Id. at 6. While Defendant is correct that the Local Patent Rules prohibit amendment of the invalidity contentions absent an order from the Court upon a showing of good cause,[2] he has not identified any specific arguments that he seeks to exclude. Absent any information regarding the specific arguments Defendant seeks to exclude at trial, the Court cannot preemptively grant Defendant's motion *in limine*. The Court will exclude evidence under the Federal Rules and this Court's Local Patent Rules if warranted at trial. Accordingly, the Court RESERVES ruling on Defendant's fourth motion *in limine*.

### 5. This Court's Prior Summary Judgment Order and Decision

In his fifth motion *in limine*, Defendant seeks to exclude all references to the Court's

---

[2] Again, Defendant confuses the pertinent Local Patent Rules. Defendant refers to Local Patent Rule 124, but the rule governing amended contentions is Local Patent Rule 116.

ORDER GRANTING IN PART
DEFENDANT'S MOTIONS IN LIMINE           -3-

summary judgment order as unfairly prejudicial, confusing to the jury, and cumulative. Id. at 7-8.  In that order, the Court granted Plaintiffs' motion for summary judgment of non-infringement and found that Plaintiffs' GS-011, FieldPro, and SD-1825 products do not infringe the claims of U.S. Patent No. 6,830,014 (filed Aug. 5, 2003) ("the '014 Patent") or the '082 Patent.  There are no claims regarding those products or the '014 Patent remaining for trial.

The Court finds that the factual background of the parties' dispute is relevant and not outweighed by any risk of unfair prejudice or confusion.  See Fed. R. Ev. 403.  Similarly, the history of the parties' interactions and accusations of infringement are relevant to the infringement and invalidity claims regarding the '082 Patent.  As for the Court's non-infringement rulings regarding the '014 Patent, the Court agrees with Plaintiffs that these findings are relevant and probative for a determination of a reasonable royalty rate for damages purposes, as they demonstrate the availability and cost of non-infringing alternatives.  Apple Inc. v. Motorola, Inc., ___ F.3d ____, 2014 WL 1646435, at *29 (Fed. Cir. April 25, 2014).  The parties may, therefore, refer to the underlying factual background contained in the Court's prior summary judgment order and the fact that the GS-011, FieldPro, and SD-1825 products do not infringe the '014 Patent.  A limiting instruction may be necessary, however, to prevent the jury from considering these references for an improper purpose.  The Court's written summary judgment order will not be admitted into evidence as the danger of unfair prejudice and risk of jury confusion outweigh its probative value.  See Fed. R. Ev. 403.  Defendant's fifth motion *in limine* is GRANTED IN PART.

**6.     Issues Disposed of on Appeal**

Defendant's sixth motion *in limine* is GRANTED IN PART.  The Federal Circuit's written opinion affirming in part and reversing in part this Court's summary judgment order presents a significant risk of unfair prejudice and jury confusion and therefore, it will not be admitted into evidence as an exhibit.  See Fed. R. Ev. 403.  As explained above, however, the history of the parties' interactions and allegations leading to the present dispute are relevant and

ORDER GRANTING IN PART
DEFENDANT'S MOTIONS IN LIMINE           -4-

not outweighed by concerns of unfair prejudice and jury confusion. Thus, evidence regarding the factual background of the present claims is admissible. However, the Federal Circuit's particular rulings present a strong risk of confusion and prejudice and therefore, neither party may refer to the Federal Circuit's particular findings and rulings in this matter.

**7.     Non-Infringement of the '014 Patent**

As explained above, the parties may refer to the fact that the GS-011, FieldPro, and SD-1825 products do not infringe the '014 Patent. A limiting instruction may be necessary, however, to prevent the jury from considering these references for an improper purpose. Therefore, Defendant's seventh motion *in limine* is DENIED.

**8.     Non-Infringement by Plaintiff's Other Products**

Defendant seeks to preclude Plaintiffs from mentioning that Plaintiffs' other products, namely the GS-011, FieldPro, and SD-1825 products, do not infringe the '014 Patent. Dkt. # 144 at 10-11. As the Court explained above, the relationship between the parties and the evolution of the infringement allegations are relevant to the remaining issues. That Plaintiffs' other products were available non-infringing products at the time of the alleged infringement is also relevant to any damages analysis. Furthermore, evidence regarding the '014 Patent is particularly probative of the issues presented in light of the fact that the '082 Patent is a continuation of the '014 Patent. Defendant's eighth motion *in limine* is therefore DENIED.

**9.     Testimony of Plaintiffs' Damages Expert**

Lastly, Defendant argues that Plaintiffs' damages expert witness, Kevin Arst, should be precluded from testifying at trial, or in the alternative, precluded from testifying about updated UltraSmart collar sales information because this updated sales information was not produced to Defendant in a timely manner. Id. at 11-12. Defendant contends that Plaintiffs intentionally withheld this information, despite Defendant's repeated requests, which allegedly "caused [Defendant's damages expert] to scramble under a looming trial date, drop everything else in his professional life, and perform an updated damages analysis so that [Defendant] would be

ORDER GRANTING IN PART
DEFENDANT'S MOTIONS IN LIMINE            -5-

adequately prepared for trial." Id. at 12.  While Defendant may have preferred to receive the updated sales information earlier, there is nothing in the record that suggests that Plaintiffs refused to provide available documents or information.  Rather, the evidence indicates that Plaintiffs produced the documents and information as soon as they were available.  Dkt. # 144-3 at 2-11; Dkt. # 146-1 at 2-3.  Furthermore, Defendant's damages expert has received the updated sales information and incorporated it into an updated damages analysis.  Dkt. # 144 at 12.  Thus, Defendant has not been prejudiced by any delay in the production and Defendant has not presented any other reason to justify excluding Mr. Arst's proposed testimony.  Defendant's ninth motion *in limine* is therefore DENIED.

For all of the foregoing reasons, Defendant's motions *in limine* (Dkt. # 144) are GRANTED IN PART.[3]

DATED this 12th of September, 2014.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[3] The Court notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer.  Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").  Subject to these principles, the Court issues this ruling for the guidance of the parties.

ORDER GRANTING IN PART
DEFENDANT'S MOTIONS IN LIMINE           -6-