UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RADIO SYSTEMS CORPORATION and
INNOTEK, INC.,

          Plaintiffs,

          vs.

TOM LALOR, individually, and BUMPER
BOY, INC.,

          Defendants.

Case No. C10-0828RSM

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANT'S
MOTION FOR PREJUDGMENT INTEREST

## I.    INTRODUCTION

This matter comes before the Court on Defendant Tom Lalor's Motion for Prejudgment Interest. Dkt. #189. Defendant argues that the Court should add 12% prejudgment interest to the jury award in his favor, which amounts to interest of $340,801.00. *Id.* Plaintiff opposes the motion, arguing that Defendant is not entitled to prejudgment interest because he unduly delayed asserting his patent rights, and that, even if he is entitled to prejudgment interest, it should only be awarded at the simple prime rate. Dkt. #203. For the reasons stated herein, the Court agrees in part with Plaintiff and GRANTS IN PART AND DENIES IN PART Defendant's motion.

## II.    BACKGROUND

This matter arises out of claims of patent infringement pertaining to certain technology used in electronic dog collars. On October 23, 2014, after a two week trial, the jury found that

ORDER
PAGE - 1

Plaintiff had infringed on Defendant's patent and that certain patent claims were valid, and awarded Defendant $612,500 in royalties and $1.25 for every collar unit sold for the life of the patent. Dkt. #187. The Court entered a Judgment regarding the same on November 6, 2014. The instant motion followed.

## III.    DISCUSSION

Under 35 U.S.C. § 284, district courts have considerable discretion in awarding prejudgment interest. *See Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986). The purpose of prejudgment interest is to "compensate[ ] the patent owner for the use of its money between the date of injury and the date of judgment." *Oiness v. Walgreen Co.*, 88 F.3d 1025, 1033 (Fed. Cir. 1996). Such interest is usually awarded from the date of infringement to the date of judgment. *See Nickson Indus. Inc., v. Rol Mfg. Co., Ltd.*, 847 F.2d 795, 800 (Fed. Cir. 1988). Further, "prejudgment interest should ordinarily be awarded absent some justification for withholding such an award[.]" *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657, 103 S. Ct. 2058, 76 L. Ed. 2d 211 (1983) (holding that an award of prejudgment interest is generally appropriate after a finding of patent infringement).

The rate of prejudgment interest is also left to the wide discretion of this Court, which may award interest at or above the prime rate. *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991). Courts may use the prime rate, the prime rate plus a percentage, the U.S. Treasury Bill rate, state statutory rate, corporate bond rate, or whatever rate the court deems appropriate. *See Junker v. HDC Corp.*, No. C-07-05094 JCS, 2008 U.S. Dist. LEXIS 111104, 2008 WL 3385819, at *6 (N.D. Cal. July 28, 2008).

///

///

ORDER
PAGE - 2

**A.  Prejudgment Interest is Appropriate in This Matter**

The Court first considers whether Defendant is entitled to prejudgment interest on the jury's award of damages.  Plaintiffs argue that Mr. Lalor forfeited his right to such interest because he unduly delayed in prosecuting his case. Dkt. #203 at 2-3.  Mr. Lalor responds that he did not unduly delay this case, and, in fact, it was Plaintiffs who delayed the case in an effort to beat Mr. Lalor to the courthouse.  Dkt. #206.

The Court agrees with Defendant.  As an initial matter, courts have continuously held that "prejudgment interest in federal court litigation is generally the rule and not the exception. It is only when there is clear evidence of undue delay by the prosecuting party or some other 'peculiar circumstance,' should a court deny an award of prejudgment interest."  *SEC v. Antar*, 97 F. Supp.2d 576, 591 (D. N.J. 2000) (citation omitted).  The Court can find no "clear evidence" of undue delay in this case.  The patents at issue in the instant litigation ('014 and '082) were brought to the attention of Radio Systems on or about November 19, 2009.  Dkt. #204, Trial Ex. 13.   The Complaint in this matter was filed in May of 2010.  Dkt. #1. Significantly, testimony during trial revealed that between November of 2009 and May of 2010 Mr. Lalor engaged in communications, both oral and by email, with Radio Systems in an effort to resolve the matter. Dkt. #200 at 92:6-99:12.  At the request of Radio Systems, he gave them time to consider a response to his allegations.  *See* Dkt. #200 at 98:20-99:3.   Instead of responding, however, Radio Systems preemptively filed the instant action.  Dkt. #200 at 99:4-99:12.  On this evidence, it cannot be found that Mr. Lalor unduly delayed the prosecution of his claims.

Further, while Plaintiffs note that Mr. Lalor had put Defendant Innotek on notice of the claims with respect to the '014 patent in 2005, and then failed to take any further action for

more than two years, the Court notes that Innotek was not owned by Radio Systems at that time, and was a separate company.  Dkts. #204, Trial Ex. 10 and #200 at 19:21-25.  Moreover, the Court found that with respect to those claims, Defendant was equitably stopped from bringing those to trial.  Dkts. #110 at 13-20 and #120.  Thus, the claims arising from the 2005 Letter were not the subject of the trial resulting in the defense verdict at issue here.  Accordingly, the Court finds that prejudgment interest is appropriate.

**B.  Prejudgment Interest Rate**

The Court must now determine the appropriate prejudgment interest rate.  Defendant argues that the Court should apply Washington's statutory rate of 12% per annum, which he contends would result in an interest amount of $340,801.00.  Dkt. #189.  Plaintiffs argue that the Court should apply the prime rate.  Dkt. #203.  Federal courts commonly use the prime rate to calculate prejudgment interest for patent infringement.  *See, e.g.*, *Uniroyal, Inc. v. RudkinWiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991) (awarding prejudgment interest at prime rate).  In fact, this Court, in other cases, has rejected the 12% rate proposed by Defendant and accepted the prime rate as the appropriate rate.  *See Loops, LLC v. Phoenix Trading, Inc.*, C08-1064RSM (W.D. Wash. Mar. 19, 2013); *Beckson Marine, Inc. v. NFM, Inc.*, 2007 U.S. Dist. LEXIS 21916, *8-10 (W.D. Wash. Mar. 27, 2007).  The Court finds that rate appropriate here.  Accordingly, Defendant is directed to calculate prejudgment interest on the amount awarded by the jury from the date of infringement through the date of judgment, using the simple, annual prime rate for each year. *See Junker v. HDC Corp.*, No. C-07-05094-JCS, 2008 WL 3385819 at *6 (N.D. Cal. July 28, 2008) (using the prime rate for the years 2004 through 2007 to calculate prejudgment interest).

///

ORDER
PAGE - 4

## IV.    CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS:

1) Defendant's Motion for Prejudgment Interest (Dkt. #189) is GRANTED.

2) <u>No later than twenty-one (21) days from the date of this Order</u>, Defendant shall file a supplement to his motion setting forth the amount of interest due, by calculating prejudgment interest on the amount awarded by the jury from the date of infringement through the date of judgment, using the simple, annual prime rate, accompanied by appropriate documentation supporting his calculation.

3) At the time of filing the supplement, Defendant shall note it for the Court's consideration <u>on the same day it is filed</u>.

4) After review of Defendant's interest calculations, the Court shall issue an Amended Judgment reflecting the new damages award.

DATED this 11th day of December 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 5